1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARY GUNDERSON,

        Plaintiff,

    v.

TEAMSTERS LOCAL UNION NO. 117,

        Defendant.

Case No.  C16-0314RSL

ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS

This matter comes before the Court on "Defendants' Motion to Dismiss." Dkt.
# 7. Plaintiff alleges that his union, Teamsters Local Union No. 117, failed to challenge
the validity of notices of discipline issued by his employer and failed to conduct an
adequate investigation of the employer's reasons for terminating plaintiff's employment.
Plaintiff asserts that the Union's conduct was arbitrary and discriminatory in violation of
the duty of fair representation and/or the Washington Law Against Discrimination
("WLAD"). The Union seeks dismissal of these claims on statute of limitations grounds.

     The question for the Court on a motion to dismiss is whether the facts alleged in
the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 570 (2007). All well-pleaded allegations are presumed to be
true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS  - 1

1  Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). If the complaint fails to state

2  a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal

3  is appropriate. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th

4  Cir. 2010).

5      Having reviewed the complaint and the memoranda submitted by the parties, the

6  Court finds as follows:

7

8      Plaintiff alleges that he was employed by Anheuser-Busch Sales of Washington,

9  Inc. ("ABSW"), as a sales representative from July 2012 to December 2013. He was one

10  of the older sales representatives employed by ABSW and was 63 years old when he was

11  fired. During his 17 months with ABSW, plaintiff was disciplined at least four different

12  times and received written warnings and a notice of discharge. Plaintiff argues that the

13  majority of the notices of discipline were void under a provision of the collective

14  bargaining agreement ("CBA") which states: "[w]arning notices, suspensions or

15  discharges . . . not executed within ten (10) days of any given incident are void." Plaintiff

16  relied on the Union to review and correct his employment records, but it failed to raise

17  any issues regarding the validity of the notices plaintiff received. The Union did,

18  according to plaintiff, address void discipline received by his younger co-workers.

19      Plaintiff's employment with ABSW was terminated on December 6, 2013. The

20  Union filed a grievance on his behalf, but subsequently notified plaintiff that his case did

21  not have merit and that it planned to withdraw the grievance. The Union's analysis was

22  based on a summary of plaintiff's discipline history that it provided to plaintiff. The

23  grievance was withdrawn on or about April 2015, and plaintiff pursued arbitration against

24  ABSW under its Dispute Resolution Program. During discovery, plaintiff obtained

25

26  ORDER GRANTING DEFENDANT'S
   MOTION TO DISMISS  - 2

documentation regarding his discipline history from which he realized that much of the discipline on which the Union had relied was void. Despite his objections, the arbitrator considered the void discipline and affirmed the termination.

**A. Duty of Fair Representation**

The statute of limitations on a claim alleging a breach of the duty of fair representation is six months. <u>DelCostello v. Int'l Bhd. of Teamsters</u>, 462 U.S. 151, 155 (1983) (adopting the six-month limitations period in § 10(b) of the National Labor Relations Act for claims alleging that a union breached its duty of fair representation by mishandling a grievance or arbitration proceeding). Plaintiff has alleged facts from which the only reasonable conclusion is that any age discrimination or representative failure on the Union's part occurred in or before April 2015. If, as plaintiff alleges, the Union advocated on behalf of younger employees while ignoring the same types of problems in his records, such disparate treatment occurred when plaintiff was disciplined or, at the latest, when the Union refused to grieve the notices and/or termination. Likewise, any failure to adequately, energetically, or fairly represent plaintiff occurred when the Union declined to represent him at all and withdrew the grievance in April 2015. Plaintiff acknowledges that the duty of fair representation was breached, if at all, when the Union withdrew the grievance. Thus, the six-month statute or limitations ran long before this lawsuit was filed on March 2, 2016, unless some sort of tolling or estoppel applies.

Plaintiff argues that the limitations period was tolled until September 3, 2015, when he realized that many of the notices of discipline he had received were void under the CBA and concluded that the Union should have provided better representation. The discovery rule tolls the limitations period until "an employee knows or should know of the alleged breach of duty of fair representation by the union." <u>Galindo v. Stoody Co.</u>,

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS  - 3

793 F.2d 1502, 1509 (9th Cir. 1986). All of the facts on which plaintiff's claims are based were known in or before April 2015: plaintiff acknowledges that he received copies of the discipline notices when they were issued, he was aware of the CBA, and he knew that the Union relied on the discipline notices when it refused to pursue a grievance on his behalf. Plaintiff had all the information necessary to evaluate whether the Union had adequately and fairly represented him. The fact that he did not perform that evaluation until the employer provided a convenient summary of the information he already had is not enough to toll the limitations period. With due diligence, plaintiff would have and should have known of his fair representation claims more than six months before this lawsuit was filed.

In the alternative, plaintiff argues that the Union should be estopped from asserting the statute of limitations as a defense because it fraudulently concealed the problems with the notices of discipline and, therefore, its own malfeasance. Fraudulent concealment requires some affirmative act on the part of the defendant to keep the plaintiff unaware of his cause of action. See Hexcel Corp. v. Ineos Polymers, Inc., 681 F.3d 1055, 1060 (9th Cir. 2012). Plaintiff alleges nothing more than that the Union failed to challenge the validity of his discipline notices and improperly withdrew his grievance. No concealment or misleading statements are alleged: the Union disclosed the basis for its decision, and it was up to plaintiff to determine whether the known facts gave rise to a cause of action. Because a defendant's "silence or passive conduct does not constitute fraudulent concealment" (Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir. 1987)), plaintiff's fair representation claims are time-barred.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS  - 4

**B. Age Discrimination Under the WLAD**

The duty of fair representation obligates unions to represent all members fairly, without discrimination. The federal duty "displaces state law that would impose duties upon unions by virtue of their status as the workers' exclusive collective bargaining representative." Adkins v. Mireles, 526 F.3d 531, 539 (9th Cir. 2008). In order to assert a state law discrimination claim, plaintiff "must make a showing of additional duties, if they exist, beyond the normal incidents of the union-employee relationship." Id. "Such duties must stem not from the union's general duty of fair representation, but from some other source, such as an express provision of a contract." Wright v. N. Am. Terrazo, 2013 WL 441517, at *5 (W.D. Wash. Feb. 5, 2013).

Plaintiff asserts that the Union treated him differently because of his age. The duty of fair representation, which the judiciary imposed on unions as a check on their exclusive bargaining powers, already bars the alleged discriminatory conduct. That duty arose as an incident of the union-employee relationship, and plaintiff has not identified any other source of the duty. Because the WLAD claim seeks to enforce the same duties that the Union owes plaintiff by virtue of its duty to fairly represent him, the WLAD claim is subsumed within the federal fair representation claim and barred by the six month statute of limitations.

For all of the foregoing reasons, the Union's motion to dismiss (Dkt. # 7) is GRANTED. If plaintiff believes he can, consistent with his Rule 11 obligations, amend the complaint to remedy the pleading and legal deficiencies identified above, he may file an amended complaint on or before June 10, 2016. If an amended complaint is not timely filed, judgment will be entered in favor of defendant and against plaintniff.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS  - 5

Dated this 27th day of May, 2016.

*Robt S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS  - 6